UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HERBERT ALLEN, #188620,

           Petitioner,            Case No. 15-cv-10339

v.            Honorable Thomas L. Ludington

DAVID BERGH,

           Respondent.

_____/

**ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING OUTSTANDING MOTIONS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED** *IN FORMA PAUPERIS* **ON APPEAL**

Michigan prisoner Herbert Allen ("Petitioner") has filed a pro se petition for a writ of habeas corpus challenging the constitutionality of his mandatory non-parolable life sentence for his first-degree murder conviction. His sentence was imposed following a jury trial in the Recorder's Court for the City of Detroit (now Wayne County Circuit Court) in 1987. Petitioner was 16 years old at the time of the crime. Respondent David Bergh, sued on behalf of the State of Michigan, has moved for summary judgment (on timeliness grounds). Petitioner has also moved for summary judgment and declaratory relief, an evidentiary hearing, oral argument, and for a declaration that certain state laws are unconstitutional. For the reasons that follow, the petition for a writ of habeas corpus will be dismissed without prejudice on exhaustion grounds and the other outstanding motions are denied as moot. A certificate of appealability and leave to proceed in forma pauperis on appeal will also be denied.

**I.**

Petitioner asserts that he is entitled to habeas relief because a mandatory non-parolable life sentence, imposed for a crime he committed as a juvenile, violates the Eighth Amendment. Petitioner relies upon *Graham v. Florida*, 560 U.S. 48 (2010), in which the Supreme Court ruled that a sentence of life imprisonment without the possibility of parole for a juvenile offender who commits a non-homicide offense is unconstitutional, and *Miller v. Alabama*, 567 U.S. _, 132 S. Ct. 2455 (2012), in which the Supreme Court extended *Graham* and ruled that a sentence of life imprisonment without the possibility of parole for a juvenile offender who commits any offense, even murder, is unconstitutional. Neither *Graham* nor *Miller* decided whether their rulings applied retroactively to cases on collateral review. The United States Supreme Court recently resolved that issue in *Montgomery v. Louisiana*, _ U.S. _, _ S. Ct. _, 2016 WL 280758 (Jan. 25, 2016), by ruling that *Miller* applies retroactively to cases on state collateral review.

It is well-established that a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts for review. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must also be raised before the Michigan Court of Appeals and the Michigan

Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state court remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The burden is on the habeas petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner cannot show that he has properly exhausted state court remedies as to his sentencing claim because he has to rely upon *Miller* and *Montgomery* in order to obtain collateral review of his sentencing claim—as well as any potential relief. Clearly, Petitioner has not given the state courts the opportunity to review his sentencing claim in light of the Supreme Court's decision in *Montgomery.* Moreover, Petitioner has an available avenue for relief in the state court system such that his further pursuit of state court remedies would not be futile. For example, he may file a second motion for relief from judgment with the state trial court under Michigan Court Rule 6.500 *et seq.* raising his sentencing claim and relying upon both *Miller* and *Montgomery*, and then pursue the matter in the state appellate courts as necessary.

Additionally, anticipating that the United States Supreme Court might rule that *Miller* applies retroactively, the State of Michigan has instituted a statutory procedure for resentencing juvenile offenders, like Petitioner, who were given mandatory non-parolable life sentences. *See* Mich. Comp. Laws § 769.25a (setting forth a procedure for cases which became final before the *Miller* decision). Petitioner is thus entitled to resentencing under state law. After resentencing, he may pursue a direct appeal of the resentencing decision in the state courts and then seek federal

habeas relief anew based upon the resentencing decision, if necessary. Petitioner has available state court remedies which must be exhausted before he proceeds in federal court.[1]

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's sentencing claim under *Miller* and *Montgomery* before he can present the claim in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Because Petitioner has not exhausted available state court remedies as to the legal basis for his claim, his habeas petition must be dismissed.

Should the State fail to conduct the resentencing hearing required under Mich. Comp. Laws § 769.25a, Petitioner may move to re-open this case. The Court, however, does not retain jurisdiction over any claims arising from the resentencing decision.

**II.**

Petitioner will also be denied a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a

---

[1] The State will be providing Petitioner with the only relief that he could obtain in this habeas action: resentencing. Thus, even if the Court were to ignore the exhaustion issue and rule in his favor on the merits, Petitioner's ultimate relief would be the same.

valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. The Court will further deny Petitioner leave to proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith under Federal Rule of Appellate Procedure 24(a).

### III.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED with prejudice**.

It is further **ORDERED** that Respondent's motion for summary judgment, ECF No. 7, and Petitioner's motions for summary judgment and declaratory relief, ECF No. 9, an evidentiary hearing, ECF No. 11, oral argument, ECF No. 12, and to declare certain state laws unconstitutional, ECF No. 13, are **DENIED as moot**.

Dated: February 10, 2016

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager